Daniel E. Williams, ISB No. 3920
Erika P. Judd, ISB No. 8241
JONES WILLIAMS FUHRMAN GOURLEY, P.A.
The 9th & Idaho Center
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, ID  83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email:  dwilliams@idalaw.com
            ejudd@idalaw.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS RAY FLEMING, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BOISE, a municipality and/or political subdivision of the State of Idaho,<br><br>Defendant. | Case No. 1:22-cv-00519-CWD<br><br>**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL** |

Defendant City of Boise ("City" or "Defendant") through its attorneys of record, the law firm of Jones Williams Fuhrman Gourley, P.A., in answer to Plaintiff's Amended Complaint ("Complaint"), admits, denies, and alleges as follows:

**FIRST DEFENSE**

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 1**

**SECOND DEFENSE**

Defendant denies each and every allegation of the Complaint not herein expressly and specifically admitted.

**INTRODUCTION**

The Introduction of Plaintiff's Complaint appears to be a narrative. To the extent a response is required, Defendant denies the allegations contained therein.

**PARTIES AND JURISDICTION**

1. Paragraph 1 is admitted.

2. In answer to paragraph 2, Defendant admits that the City of Boise is a municipal corporation organized under the law of the state of Idaho. In further answer to paragraph 2, Defendant admits only that it, as well as its agents and employees, are subject to certain duties as prescribed by law. Defendant denies any allegations of wrongdoing asserted in said paragraph by implication or otherwise.

3. In answer to paragraphs 3 and 4, Defendant admits only that venue and jurisdiction are proper based solely upon the allegations of Plaintiff. Defendant specifically denies any allegation or inference that Plaintiff is entitled to any amount of damages.

4. In answer to paragraph 5, Defendant admits that Plaintiff filed a charge of discrimination and retaliation with the Idaho Human Rights Commission and the EEOC and that, on or about November 28, 2022, upon the request of Plaintiff, the IHRC granted Plaintiff a "Notice of Right to Sue."

**GENERAL ALLEGATIONS**

5. Paragraph 7 is admitted.

6. Paragraphs 8 and 9 are denied.

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 2**

7. In answer to paragraph 10, upon information and belief, Tim Green was present during an incident in which another individual shot and killed a person and denied as to the remainder.

8. In answer to paragraph 11, it is admitted only that the Policy & Procedures Manual adopted by the Boise Police Department sets forth the responsibilities of employees, including those in the Professional Standards Division.

9. Paragraphs 12 and 13 are denied.

10. In answer to paragraph 14, it is admitted only that Sgt. Kirk Rush claims that he was injured by Chief Lee during a morning briefing and denied as to the remainder. Defendant denies any allegations of wrongdoing asserted in said paragraph by implication or otherwise.

11. In answer to paragraph 15, Defendant admits only that, upon information and belief, Sgt. Rush told Lt. Hunsaker that he was injured during a morning briefing by Chief Lee. Upon information and belief, Lt. Hunsaker told Fleming of the communication. Despite reasonable inquiry, Defendant lacks sufficient information to form a belief as to the contents or truth of the assertion by Plaintiff as to the substance of Lt. Rush's communications with Plaintiff.

12. In answer to paragraph 16, Defendant admits only that a meeting was held at City Hall with various individuals, including Plaintiff, a representative from Human Resources, Lt. Hunsaker, and legal counsel. Defendant expressly denies that Plaintiff told the City that Sgt. Rush "requested to file a criminal complaint" or that Plaintiff alone suggested that the investigation needed to be submitted to an outside agency. Defendant admits that, upon the information provided by Plaintiff and Lt. Hunsaker, it requested and authorized Plaintiff to contact alternative agencies to lead an internal affairs investigation.

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 3**

13. In answer to paragraph 17, despite reasonable inquiry, this Defendant lacks sufficient information to form a belief as to Plaintiff's mental state or as to the report of concerns to Plaintiff. Defendant denies the inference of wrongdoing and Plaintiff's characterization of the "complaints" filed with the City's Human Resources department.

14. In answer to paragraph 18, it is admitted only that Plaintiff spoke with an attorney in the City of Boise legal department, Kimberly Smith, regarding a request for clarification on any policy for placing Chief Lee on administrative leave and denied as to the remainder.

15. In answer to Paragraph 19, despite reasonable inquiry, Defendant lacks sufficient information to determine which, if any, "internal complaints" Plaintiff is referencing. Defendant admits only that the City of Boise's Office of Police Accountability ("OPA") is charged with certain duties as prescribed by law and policy and that OPA investigates complaints within its purview.

16. In answer to paragraph 20, despite reasonable inquiry, Defendant lacks sufficient information to admit or deny the allegations in paragraph 20 and therefore denies the same.

17. In answer to paragraph 21, it is admitted only that, upon information and belief, Plaintiff had a full-knee replacement in November 2021, and denied as to the remainder.

18. In answer to paragraph 22, it is admitted only that Plaintiff is over the age of forty years old. The balance of the averments in paragraph 22 appears to allege legal conclusions. To the extent construed to require a response, Defendant denies the remaining allegations contained therein.

19. Paragraphs 23, 24, 25, and 26 are denied. In further response, the City admits only that Chief Lee spoke with Plaintiff about his retirement plans in conjunction with Plaintiff's assignment to the Professional Standards Division and expressed a desire that Plaintiff stay in that

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 4**

role for at least two to three years for consistency and stability. It is expressly denied that any inquiry into Plaintiff's retirement plans was retaliatory, hostile, or otherwise wrongful in any way.

20. In answer to paragraph 27, it is admitted only that Deputy Chief Brooks also spoke with Plaintiff about his retirement plans in conjunction with Plaintiff's assignment to the Professional Standards Division and expressed a desire that Plaintiff stay in that role for at least two to three years for consistency and stability. It is expressly denied that any inquiry into Plaintiff's retirement plans was retaliatory, hostile, or otherwise wrongful in any way.

21. Paragraphs 28 and 29 are denied.

22. In answer to paragraphs 30 and 31, it is admitted only that Chief Lee instructed Plaintiff to investigate any officer who refused to complete mandatory human rights training and that Officer J. Jackson was an individual who failed to appear for his scheduled training. It is further admitted that DC Brooks spoke with Plaintiff about the policy and Officer Jackson and that Chief Lee and Plaintiff had a follow-up conversation regarding Officer Jackson. The balance of paragraphs 30 and 31 are expressly denied.

23. Paragraphs 32, 33, 34, 25, 36, 37, 38, 39, 40, 41, and 42 are denied.

24. In answer to paragraph 43, Defendant incorporates all prior admissions, denials, and responses as if fully set forth herein.

25. Paragraphs 44, 45, 46, 47, 48, 49, and 50 are denied.

26. In answer to paragraph 51, Defendant incorporates all prior admissions, denials, and responses as if fully set forth herein.

27. In answer to paragraphs 52 and 53, it is admitted only that Plaintiff had a full-knee replacement in November 2021 and that, upon his return to work, he was qualified to

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 5**

perform the essential functions of his position.  Paragraphs 52 and 53 are denied as to the remainder, including the inference or assertion that Plaintiff is a person with a "disability."

28. Paragraphs 54, 55, 56, 57, and 58 are denied.

29. To the extent paragraph 59 is construed to require a response, Defendant denies that Plaintiff is entitled to any of the relief or remedies sought.

30. In answer to paragraph 60, Defendant incorporates all prior admissions, denials, and responses as if fully set forth herein.

31. Paragraph 61 is admitted.

32. Paragraphs 62, 63, 64, and 65 are denied.

33. In answer to paragraph 66, Defendant denies Plaintiff is entitled to any costs, expert fees, or attorney's fees in this action.

34. In answer to paragraphs 67 and 68, Defendant incorporates all prior admissions, denials, and responses as if fully set forth herein.

35. Paragraph 69 is denied.

36. Paragraph 70 is admitted.

37. In answer to paragraph 71, it is admitted only that Plaintiff was qualified to perform the essential functions of his position and denied as to the inference or averment that such ability is "despite" age or disability status.

38. Paragraphs 72, 73, 74, and 75 are denied.

39. In answer to paragraph 76, Defendant denies Plaintiff is entitled to any costs, expert fees, or attorney's fees in this action.

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 6**

**ATTORNEY'S FEES**

40. In answer to paragraph 77, it is admitted only that Plaintiff hired legal counsel. It is denied that Plaintiff is entitled to any costs or attorney's fees in this action or that $400.00 per hour is a reasonable attorney's fee rate.

**DEMAND FOR TRIAL BY JURY**

41. To the extent Plaintiff's Demand for a Trial by Jury is construed to require a response, Defendant denies that Plaintiff is entitled to any of the relief sought.

**PRAYER FOR RELIEF**

42. To the extent Plaintiff's Prayer for Relief is construed to require a response, Defendant denies that Plaintiff is entitled to any of the relief sought.

**THIRD DEFENSE – AFFIRMATIVE DEFENSES**

Defendant, in asserting the following defenses, does not admit that the burden of proving the allegations or denials contained in the defenses is upon the Defendant, but to the contrary, asserts that by reason of denials and/or by reason of relevant statutory and judicial authority, the burden of proving the facts and/or the burden of proving the inverse of the allegations contained in many of the defenses is upon Plaintiff. Moreover, the Defendant does not admit, in asserting any defense, any responsibility or liability of the Defendant, but, to the contrary, specifically denies all allegations of responsibility, fault, and liability to the Plaintiff.

**FIRST AFFIRMATIVE DEFENSE**

Defendant did not take any action for any improper purpose or use any improper means. Plaintiff's claim for damages is barred because Defendant has made good faith efforts to comply with all applicable federal and state equal employment laws

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 7**

## SECOND AFFIRMATIVE DEFENSE

All employment decisions made regarding Plaintiff were made for legitimate and nondiscriminatory business reasons.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages, if any. Alternatively, any claim for relief must be set off and/or reduced by wages, compensation, pay and benefits, or other earnings, remunerations, profits, and benefits received by Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are barred in whole or in part under the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff seeks damages which are not proximately caused by the acts or omissions of the Defendant.

## SIXTH AFFIRMATIVE DEFENSE

One or more of Plaintiff's claims are barred, in whole or in part, because Plaintiff did not exhaust the administrative remedies as required and/or otherwise failed to comply with all the statutory prerequisites, including but not limited to those established in the Idaho Tort Claims Act.

## SEVENTH AFFIRMATIVE DEFENSE

The decisions made and actions taken by Defendant about which Plaintiff complains were based solely on legitimate and non-discriminatory business reasons which did not constitute discrimination and/or retaliation under the Americans with Disabilities Act Amendments Act ("ADA"), age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"),

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 8**

or age or disability discrimination in violation of the Idaho Human Rights Act ("IHRA"), Idaho Code §§67-5901 *et seq*., and/or Idaho law.

### EIGHTH AFFIRMATIVE DEFENSE

Defendant acted at all times in good faith and with reasonable grounds for believing that it had not violated the ADA, the ADEA, the Idaho Human Rights Act ("IHRA"), Idaho Code §§67-5901 *et seq*., and/or Idaho law.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they allege unlawful conduct or seek relief outside the scope of Plaintiff's administrative complaint or Charge of Discrimination filed with the Idaho Human Rights Commission ("IHRC") and/or the United States Equal Employment Opportunity Commission ("EEOC").

### TENTH AFFIRMATIVE DEFENSE

Defendant did not take any action against Plaintiff because he opposed any allegedly unlawful act or practice under the Idaho Protection of Public Employees Act (IPPEA), the ADA or the ADEA, or because Plaintiff made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under the IPPEA, ADA, ADEA, or IHRA, and Plaintiff therefore has no "retaliation" claims under IPPEA, the ADA, ADEA, or the IHRA.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because any alleged adverse employment action against Plaintiff was based on reasons other than his alleged exercise of rights under the IPPEA, the ADA, the ADEA, or the IHRA.

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 9**

## TWELFTH AFFIRMATIVE DEFENSE

To the extent that, during the course of this litigation, Defendant acquires any evidence of wrongdoing by Plaintiff, which wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or would have resulted in Plaintiff receiving a reduction in pay, demotion, or being terminated, such after-acquired evidence shall bar Plaintiff's claims for liability or damages, and shall reduce such claims as provided by law.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's employment with Defendant was at all times at-will.

## FOURTEENTH AFFIRMATIVE DEFENSE

Without assuming any burden of proof assigned by law to Plaintiff, Plaintiff was not a qualified individual with a disability. Moreover, Plaintiff was not regarded as suffering from a disability, nor did he have a record of a disability.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant has been required to retain the law firm of Jones Williams Fuhrman Gourley, P.A., to defend against Plaintiff's Complaint, and is entitled by applicable law to recover its costs including, but not limited to, its reasonable attorneys' fees incurred in the defense of this matter.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are speculative.

## RESERVATION OF RIGHTS

Discovery has not yet commenced in this matter, the result of which may reveal additional defenses to Defendant. By failing to raise an affirmative defense, Defendant does not waive any such defense and explicitly reserves the right to amend, modify and/or supplement its affirmative defenses as the case progresses.

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 10**

## DEMAND FOR JURY TRIAL

Defendant requests that this matter be tried by a jury on all claims so triable.

## ATTORNEY FEES

Defendant has been required to retain attorneys in order to defend this action and is entitled to recover reasonable attorney fees, pursuant to the provisions contained in Idaho Code §§ 12-117, 12-120, 12-121, 6-918A, and Rule 54 of the Federal Rules of Civil Procedure, and any other applicable rules or statutes.

## REQUEST FOR RELIEF

WHEREFORE, Defendant prays for judgment against the Plaintiff as follows:

1. That the Complaint be dismissed with prejudice and that the Plaintiff takes nothing under it.

2. That the Defendant be awarded costs, including reasonable attorney fees pursuant to the applicable laws and Rules of Civil Procedure.

3. That judgment be entered in favor of Defendant on all claims for relief.

4. For such other and further relief as the Court deems just and equitable under the circumstances.

DATED this 28th day of December, 2022.

JONES WILLIAMS FUHRMAN GOURLEY, P.A

 /s/ Erika P. Judd
Erika P. Judd, Of the Firm
Attorneys for Defendant

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 11**

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that on the 28th day of December, 2022, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Jeffrey J. Hepworth<br>courtservice@idalawyer.com<br>*Attorneys for Plaintiff* | J. Grady Hepworth<br>courtservice@idalawyer.com<br>*Attorneys for Plaintiff* |

          */s/ Erika P. Judd*
          Erika P. Judd

**ANSWER TO AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL - 12**