UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS RAY FLEMING, an individual,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BOISE, a municipality and/or political subdivision of the State of Idaho,<br><br>　　　　　　　Defendant. | Case No. 1:22-cv-00519-CWD<br><br>**SCHEDULING ORDER<br>(STANDARD TRACK)** |

In accordance with the agreements reached in the telephone scheduling conference held between counsel and the Court on February 8, 2023, and to further the just, speedy, and inexpensive determination of this matter,

**NOW THEREFORE IT IS HEREBY ORDERED** that the following deadlines and procedures will govern this litigation:

**SCHEDULING ORDER - 1**

1.  <u>Dispositive Motion Deadline</u>: All dispositive motions, including motions for punitive damages, must be filed by **February 9, 2024**.[1]

2.  <u>Amendment of Pleadings and Joinder of Parties</u>: Motions to amend pleadings and join parties, except for allegations of punitive damages, must be filed on or before **June 9, 2023**. This deadline will be extended only for good cause shown.[2]

3.  <u>Alternative Dispute Resolution</u>: The parties are to submit an ADR Plan to the Court by **January 19, 2024**, indicating their preferred form of ADR, and when they propose to conduct ADR. As set forth in the parties' stipulated litigation plan, ADR is to be held by **April 30, 2024**.

4.  <u>Discovery Plan</u>:  All discovery must be in accordance with the Federal Rules of Civil Procedure, the Local Rules for the District of Idaho, and the parties' joint discovery plan, which is incorporated herein by reference. The Court notes that the parties have not agreed on all terms set forth in the proposed discovery plan. The Court leaves it to the parties to bring those disputes before the Court should they be unable to come to an agreement.

---

[1] It is this Court's policy to accept only one (1) motion to dismiss and one summary judgment motion per party. If it appears, due to the complexity or number of issues presented, that counsel is unable to address all issues within the twenty-page (20) limit for briefs, Dist. Idaho Loc. R. 7.1(b)(1), then it is appropriate to file a motion for permission to file an over-length brief, rather than filing separate motions for each issue. The Court prefers reviewing one over-length brief in support, one over-length brief in response, and one 10-page reply brief, if any, rather than the panoply of briefs that are generated when multiple motions are filed.

[2] The Ninth Circuit has held that motions to amend filed after the Scheduling Order deadline are governed not by the liberal provisions of Fed. R. Civ. P. 15(a), but instead, by the more restrictive provisions of Fed. R. Civ. P. 16(b) requiring a showing of "good cause."  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992).

**SCHEDULING ORDER - 2**

5.  <u>Clawback</u>: Pursuant to Fed. R. Evid. 502(d), and the parties' discovery plan, it is hereby **ORDERED** that production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or work-product protection in this case or in any other federal or state proceeding.

6.  <u>Completion of Fact Discovery</u>:  All fact discovery must be completed by **January 19, 2024**. This is a deadline for the completion of all fact discovery; it is not a deadline for discovery requests. Discovery requests must be made far enough in advance of this deadline to allow completion of the discovery by the deadline date.

7.  <u>Disclosure of Liability Experts</u>:

    a.  **Plaintiff** must disclose the experts intended to be called at trial on the topic of liability on or before September 1, 2023.

    b.  **Defendant** must disclose the experts intended to be called at trial on the topic of liability on or before November 3, 2023.

    c.  **Plaintiff** must disclose rebuttal experts intended to be called at trial on the topic of liability on or before **November 24, 2023**.

    d.  **ALL** discovery relevant to experts on the topic of liability must be completed by: January 19, 2024**.**

8.  <u>Disclosure of Damages Experts</u>:

    a.  Plaintiff shall identify and disclose expert witnesses on the topic of damages within 60 days after the Court's decision on any motion for summary judgment. If no motion for summary judgment is filed, Plaintiff

**SCHEDULING ORDER - 3**

      shall identify and disclose expert witnesses on the topic of damages within 60 days of the Dispositive Motion Cut-Off.

   b. Defendant shall identify and disclose damages experts within 45 days after Plaintiff's disclosure.

   c. Plaintiff's disclosure of rebuttal damages experts shall be within 15 days after Defendant's disclosure.

9. <u>Scheduling of Trial and Pretrial Conference</u>.  Plaintiff's counsel must contact courtroom deputy **Sunny Trumbull** within one week following the entry of a decision on all pending dispositive motions to make arrangements for a telephonic trial setting conference with the Court to set pre-trial and trial deadlines. If no dispositive motion is filed, Plaintiff's counsel must immediately contact the courtroom deputy within one week of the dispositive motion filing deadline to set a telephonic trial setting conference.

10. <u>Law Clerk</u>: The law clerk assigned to this case is **Kirsten Wallace**, and may be reached at (208) 334-9331. If this case is later reassigned or referred to another judge, consult the [Judges' webpage](http://id.uscourts.gov/district/judges/Welcome.cfm)[3] for the judges' staff directory.

11. <u>Discovery Disputes</u>:

   a. The parties will strictly comply with the meet and confer requirements of [Local Rule 37.1](#) prior to filing any discovery motions.

---

[3] http://id.uscourts.gov/district/judges/Welcome.cfm

**SCHEDULING ORDER - 4**

    b.    The parties are to refer to the [Judge's web page](#)[4] for specific instructions regarding how the Judge handles discovery disputes.

    c.    Prior to filing any discovery motions, counsel must certify, not only that they have complied with [Local Rule 37.1](#), but that they have complied with the Judge's discovery dispute procedures.

    d.    The parties identified a dispute concerning Defendant's proposed protective order. Defendant's motion must be filed by **February 15, 2023**. Upon review of the motion, the Court will consider whether, and to what extent, to expedite the briefing, and whether to conduct a hearing.

12.    The Court will conduct a **telephonic status conference** with the parties **on August 23, 2023, at 1:30 p.m. Mountain Time** for the purpose of inquiring about the status of discovery. The parties are to use the Court's teleconferencing line to connect to this hearing, by dialing: 1-699-254-5252, Meeting ID: 161 6744 7776. Additional status conferences may be set by the Court at a later time.

13.    <u>Calendaring Clerk</u>: Scheduling matters and calendar issues may be directed to **Sunny Trumbull**, who may be reached at (208) 334-9327. If the case is later reassigned or referred, please consult the [Judges' web](#) page for a staff directory.

---

[4] http://id.uscourts.gov/district/judges/Welcome.cfm

**SCHEDULING ORDER - 5**

14.  Docketing Clerk: If you have a docketing or filing question, please contact a docket clerk[5] at (208) 334-1361.

DATED: February 8, 2023

/s/ Candy W. Dale

Honorable Candy W. Dale
United States Magistrate Judge

---

[5] The Clerk's office staff directory may be found on the Court's webpage: http://id.uscourts.gov/district/attorneys/DocketingCourtroom_Dep.cfm

**SCHEDULING ORDER - 6**