Daniel E. Williams, ISB No. 3920
Erika P. Judd, ISB No. 8241
JONES WILLIAMS FUHRMAN GOURLEY, P.A.
The 9th & Idaho Center
225 North 9th Street, Suite 820
P.O. Box 1097
Boise, ID  83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email:  dwilliams@idalaw.com
            ejudd@idalaw.com

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS RAY FLEMING, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BOISE, a municipality and/or political subdivision of the State of Idaho,<br><br>Defendant. | Case No. 1:22-cv-00519-BLW<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SEAL DOCUMENTS DESIGNATED CONFIDENTIAL BY CITY OF BOISE [Dkt. 36]** |

Defendant City of Boise ("the City"), pursuant to Fed. R. Civ. P. 5.2(d) and 5.2(e)(2), Dist. Idaho Loc. Civ. R. 5.3 and 5.5(f)(3), as well as this Court's Protective Order [Dkt. 20] and Order Granting Motion to Seal Pending in Camera Review [Dkt. 38], hereby responds to Plaintiff's Motion to Seal Documents Designated Confidential by City of Boise [Dkt. 36].

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SEAL
DOCUMENTS DESIGNATED CONFIDENTIAL BY CITY OF BOISE - 1**

## ARGUMENT

Plaintiff has identified in its Motion to Seal and filed under seal deposition testimony and documents designated as Confidential by the City of Boise pursuant to this Court's above-referenced Protective Order. The City designated certain documents Confidential, including those identified by Plaintiff here, based *inter alia* on their status as personnel records of nonparties. As the City pointed out earlier in moving for a protective order in this case over Plaintiff's objections, the District of Idaho recognizes the privacy interests of nonparties in their personnel records and employment history. *See, e.g.*, Dist. Idaho Loc. Civ. R. 5.5(f)(3) ("employment history"); *Moore v. Battelle Energy All., LLC*, 2023 U.S. Dist. LEXIS 19434, *11-12, 2023 WL 1767391 (D. Idaho, February 3, 2023) ("…courts treat as confidential those nonpublic documents relating to nonparties, including personal information, personnel records, employment history, medical information, and other information implicating their privacy interests").

As Plaintiff points out, the standard for sealing documents is different than that for issuing a protective order as to discovery, particularly as to dispositive motions. *See, e.g., Gemini Techs,, Inc., v. Smith & Wesson, Corp.*, 2024 U.S. Dist. LEXIS 66993, 2024 WL 1555302 (D. Idaho, April 10, 2024) (citing cases requiring "compelling reasons" standard). Nevertheless, this District has found that personnel information meets the requisite standard of "compelling reasons." In *Rafferty v. Keypoint Gov't Solutions,* 2020 U.S. Dist. LEXIS 225791, 2020 WL 7038952, (D. Idaho, November 30, 2020), the Court noted that "courts have held employment and personnel records are appropriately

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SEAL
DOCUMENTS DESIGNATED CONFIDENTIAL BY CITY OF BOISE - 2**

sealable." 2020 U.S. Dist. LEXIS 225791, *20 (citations omitted).  In this case, the District Court found that, even in the context of a dispositive motion,

> [t]he balance between the need for the public's access to information about [plaintiff's] medical history and personnel and employment records, as well as the confidentiality of employment and personnel records of other [of defendant's] employees who are not parties to this suit, weighs in favor of sealing certain exhibits.

*Id.  See also*, *Steingruber v. Battelle Energy All., LLC*, 2023 U.S. Dist. LEXIS 24890, 2023 WL 1927805 (February 10, 2023) (granting motions to file under seal as to employment and other information falling under Protective Order, but denying motions as to briefs and documents containing non-confidential information, such as legal arguments).

Consistent with this precedent, the City notes the following as to the particular documents provisionally filed under seal by Plaintiff.[1]

1. Deposition transcript of former IA Investigator Kristy Coats.[2]

The deposition testimony at issue centered on not just the nonparty deponent's employment history with the City, but her investigation of other nonparties.  It also concerned her own complaints to various officials about further nonparties.  The

---

[1] Plaintiff notes that the Idaho state district court in *Jara v. City of Boise*, CV01-22-18469, denied cross-motions to file documents under seal regarding a dispositive motion.  The City states that the state court relied on a very narrow reading of Idaho Administrative Rule 32(g)(22), which is not implicated in this case.  Further, upon counsel's review, the relevant documents here were not at issue in the state court's consideration.

[2] The Court may note Plaintiff's counsel warranted to the deponent that large portions of, and exhibits to, the deposition would be treated as confidential.  *See, e.g.*,

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SEAL DOCUMENTS DESIGNATED CONFIDENTIAL BY CITY OF BOISE - 3**

testimony's scant relevance to the issues to be determined by this Court in regards to this particular Plaintiff's discrimination and related claims further weighs in favor of sealing.

2. Exhibit 14 to the same deposition.

This Exhibit is an activity log identified by the deponent at pp. 27-28 of her deposition regarding an investigation into a nonparty.

3. Exhibit 15 to the same deposition.

This Exhibit is the deponent's internal investigation report into the same nonparty.

4. COR Jara7671.

This document is an email regarding the same investigation into the same nonparty.

5. COR Jara7744.

This document is a similar document regarding the same investigation into the same nonparty.

6. Cor Jara7756-7757.

This document was not presented to the witness, but concerns the same nonparty.

7. Cor Jara 7673.

Likewise, this document was not presented to the witness, but concerns the same nonparty.

---

p. 57, ll. 8-13 (Witness: "..this isn't going to go out anywhere, right?" Plaintiff's counsel: "No. This will be designated as confidential."

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SEAL DOCUMENTS DESIGNATED CONFIDENTIAL BY CITY OF BOISE - 4**

8. COBFleming 002313-2315

These documents contain information as to employment records of several nonparties, but pertain chiefly to an issue as to appropriate discipline for a particular nonparty.

The City submits that its nonparty employees have a legitimate privacy interest in their employment history and records, including evaluation of potential discipline. Moreover, the City itself has an interest in its attendant employment and disciplinary processes moving forward with reasonable privacy protections and without fear of unnecessary dissemination by random private litigants.

For all of these items, the City maintains that, for whatever probative value they may be worth regarding the City's motion for summary judgment, Plaintiff has been able to make his legal arguments regarding them while mostly preserving the anonymity of the nonparties involved. Under these circumstances, the City urges that it has met the requisite standard for allowing the items Plaintiff filed under seal to remain so.

DATED this 9th day of July, 2023.

JONES WILLIAMS FUHRMAN GOURLEY, P.A.

　　　/s/ Daniel E. Williams　　　
Daniel E. Williams
Erika P. Judd
Attorneys for Defendant

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO SEAL DOCUMENTS DESIGNATED CONFIDENTIAL BY CITY OF BOISE - 5**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of July, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Jeffrey J. Hepworth<br>HEPWORTH LAW OFFICES<br>2229 W. State Street<br>Boise, ID 83701-2815<br>  *Attorneys for Plaintiff*<br>courtservice@idalawyer.com | J. Grady Hepworth<br>HEPWORTH LAW OFFICES<br>2229 W. State Street<br>Boise, ID 83701-2815<br>  *Attorneys for Plaintiff*<br>courtservice@idalawyer.com |

                                            */s/ Daniel E. Williams*
                                            Daniel E. Williams