Daniel E. Williams (ISB No. 3920)
Erika P. Judd (ISB No. 8241)
Cody J. Witko (ISB No. 10427)
JONES WILLIAMS FUHRMAN GOURLEY, P.A.
225 North 9th Street, Suite 820
Boise, ID  83701
Telephone: (208) 331-1170
Facsimile: (208) 331-1529
Email:  dwilliams@idalaw.com
            ejudd@idalaw.com
            cwitko@idalaw.com

Attorneys for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THOMAS RAY FLEMING, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF BOISE, a municipality and/or political subdivision of the State of Idaho,<br><br>Defendant. | Case No. 1:22-cv-00519-BLW-CWD<br><br>**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [DKT. NO. 34]** |

I.     INTRODUCTION & RELIEF REQUESTED

The City seeks to dismiss all four of Plaintiff's enumerated causes of action and one unpled claim for hostile work environment. [Dkt. No. 34].  The City's opening memorandum demonstrates the absence of triable issues for numerous required elements for each claim. [1]

---

[1]     A third reason to dismiss the ADEA claim not explicitly argued in the City's opening brief exists: the lack of causation. The opening brief clarified that ADEA claims require but-for causation. (Mem. in Supp. of Def.'s Mot. for Summ. J. [Dkt. No. 34-1] ("Def.'s Mem. in Supp.") at 22 n.10 (citing 934 F.3d 1101, 1105 (9th Cir. 2019); 557 U.S. 167, 180 (2009)). The brief argued that the ADA and IPPEA claims lacked but-for causation. The ADEA claim should be dismissed for the same reason, as stray comments about retirement cannot establish the but-for reason Plaintiff was "forced" to retire.

REPLY MEM. IN SUPPORT OF DEFENDANT'S MOT. FOR SUMMARY
JUDGMENT [DKT. NO. 34] - 1

Plaintiff's approach in arguing his claims should not be dismissed is to reiterate comments attributed to Chief Lee to imply there was an unbearable work environment forcing him to quit. Plaintiff neglects to consider the objective standards relevant to the inquiries for both hostile work environments and constructive discharge;[2] it is these objective standards that permit courts to grant summary judgment when there is insufficient evidence, as a court can determine how a reasonable employee would act, and the City has cited many cases doing just that. Quite tellingly, Plaintiff fails to address these cases (save perhaps the one addressing transitory impairment).

II.     **RELEVANT EMPLOYER CONDUCT UNDER PLAINTIFF'S CLAIMS**

Plaintiff attempts to amass negative allegations against the City and Chief Lee (and does so with countless uncited statements[3]). However, many of these allegations are not germane to his claims. Discrimination claims under the ADA and ADEA require a showing of but-for causation. *Murray v. Mayo Clinic*, 934 F.3d 1101, 1104-05 (9th Cir. 2019). Case law also establishes that but-for causation applies to IPPEA claims. This causation standard, as well as the case law cited here, narrows the type of conduct and statements to those specifically addressing Plaintiff's age, alleged disability, and protected whistleblowing activity. *See Garity v. Apwu Nat'l Labor Org.*, 655 F. App'x 523, 524 (9th Cir. 2016) (dismissing an ADA claim when she failed to plead "that any ill-treatment directed towards her . . . was based on her disability."); *Serlin v. Alexander Dawson Sch.*,

---

[2] The objective standards are set forth in *Vasquez v. Cty. Of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003) (hostile work environment) and *Poland v. Chertoff*, 494 F.3d 1174, 1184-85 (9th Cir. 2007) (constructive discharge).

[3] The plethora of uncited sentences in Plaintiff's opposition run afoul of F.R.C.P. 56(c)(1), which requires a party asserting a fact to do so by "citing to particular parts of materials in the record . . . ."

REPLY MEM. IN SUPPORT OF DEFENDANT'S MOT. FOR SUMMARY JUDGMENT [DKT. NO. 34] - 2

LLC, 656 F. App'x 853, 856 (9th Cir. 2016) (statements not directly tied to the adverse action against plaintiff were "at best weak circumstantial evidence" of age discrimination). With this legal framework in mind, only the following evidence has relevance:

<u>Age</u>: Plaintiff alleges that Chief Lee stated three times that Plaintiff could "go down to PERSI and look at retiring." (Aff. of Thomas R. Fleming in Opp'n to City of Boise Mot. for Summary J. [Dkt. No. 39-2] ("Fleming Aff.") at ¶¶ 45-49).

<u>"Disability"</u>: Plaintiff points to two general, offhand comments by Chief Lee about his physical wellbeing. (Fleming Aff. at ¶ 30 ("hey, just wanted to let you know that people have come to me and have seen you limping around the office, and are concerned you are not going to make it to retirement age."); ¶ 32 ("how are you feeling physically? I know you've had a few surgeries lately.").) It takes considerable storytelling to twist these benign comments into some form of severe harassment.

<u>Whistleblowing Activity</u>: The alleged conduct in this category is speculative. Plaintiff first recounts a meeting where Chief Lee disagreed with Plaintiff's decision to place an officer on administrative leave. (Fleming Aff. at ¶¶ 7-14). However, disagreements and criticism over work-based decisions, even if "biting and unpleasant to Plaintiff, do not rise to the level of the severe or pervasive conduct needed to support a hostile work environment claim." *Stephens v. Idaho Dep't of Parks & Rec.*, No. 1:10-cv-00267-REB, 2011 U.S. Dist. LEXIS 142785, at *44 (D. Idaho Dec. 12, 2011). Next, Plaintiff cites involvement with Sergeant Rush's criminal complaint against Chief Lee. (Fleming Aff. at ¶¶ 15-24.) Importantly, Plaintiff merely *presumed* that Chief Lee knew about this involvement. (*Id.* at ¶ 23.) As a result, Plaintiff lacks sufficient evidence to prove that any adverse action occurred "because" of this involvement. I.C. § 6-2105(4). Finally,

Plaintiff *claims* Chief Lee treated him differently due to Plaintiff's involvement in the OPA investigation conducted by Jesus Jara. (Fleming Aff. at 29.) However, Plaintiff admits he has no knowledge as to whether Chief Lee knew that Plaintiff was involved in that investigation. (Fleming Dep. at pp. 102-103.) Plaintiff therefore lacks even a scintilla of evidence to prove that any adverse action occurred against him "because" of his involvement in either the Rush complaint or the OPA investigation. I.C. § 6-2105(4).

These *relevant* allegations, taken as true, do not constitute a hostile work environment—nor do they establish the more burdensome constructive discharge theory. For these reasons, the City respectfully requests this Court dismiss all of Plaintiff's claims.

### III.     DISCUSSION

A.  **Plaintiff cannot show a hostile work environment and therefore cannot prove the more difficult standard for constructive discharge.**

While the City does not concede that a claim for hostile work environment was pled properly,[4] the merits, or absence thereof, of that claim are addressed herein.

1. Chief Lee's conduct did not, as a matter of law, rise to the level of a hostile work environment.

The City's opening brief relied on *Vasquez v. Cty. Of L.A.*, 349 F.3d 634, 642 (9th Cir. 2003); *Chenoweth v. Maui Chem. & Paper Prods.*, 357 F. App'x 875, 876 (9th Cir. 2009); and *Sheridan v. Providence Health & Servs.-Oregon*, No. 10-cv-775-PK, 2011 U.S.

---

[4] Plaintiff argues that a claim for hostile work environment was properly pled. (Pl.'s Resp. in Opp'n to Def.'s Mot. for Summ. J [Dkt. No. 39] ("Pl.'s Opp'n") at 14 n.1.) Plaintiff's own argument undermines this assertion, however, as he can only point to a single heading and a single paragraph as comprising the hostile work environment claim. (*Id.*) While this may be sufficient under Idaho's state court notice pleading standard, it does not meet the federal pleadings standard, which requires "a short and plain statement 'identifying the . . . occurrence[s] giving rise to the claims and the elements of a prima facie case' for each claim alleged." *Woodroffe v. Lincoln Cty. Cmty. Justice*, No. 6:21-cv-01053-IM, 2021 U.S. Dist. LEXIS 220099, at *7 (D. Or. Nov. 10, 2021) (quoting 216 F.3d 837, 840 (9th Cir. 2000)). A single paragraph fails to set forth each required element.

REPLY MEM. IN SUPPORT OF DEFENDANT'S MOT. FOR SUMMARY JUDGMENT [DKT. NO. 34] - 4

Dist. LEXIS 149586, at *20-21 (D. Or. Dec. 29, 2011), to illustrate how the allegations outlined by Plaintiff do not rise to the level of a hostile work environment. Plaintiff does not address and has not set forth any argument or fact to support a claim that the reasoning of these cases is not applicable to bar his claims.

The legal standard for hostile work environment is a high burden that cannot be met under the facts of this case:

> To assert a hostile workplace claim . . . [a plaintiff must show] the existence of severe or pervasive and unwelcome verbal or physical harassment because of a plaintiff's membership in a protected class.

*Sheridan,* 2011 U.S. Dist. LEXIS 149586, at *13 (citation omitted; see full cite in opening brief [Dkt. No. 34-1] at p. 18-19). The conduct must be "sufficiently severe or pervasive to alter the conditions of the plaintiff's employment and create an abusive work environment." *Vasquez*, 349 F.3d at 642. Sufficiently severe or pervasive conduct typically needs to be "physically threatening or humiliating" beyond "a mere offensive utterance" and be "both subjectively and objectively . . . abusive." *Vasquez*, 349 F.3d at 642. (emphases added) (citation and quotation marks omitted).

Indeed, Plaintiff's own admission demonstrates that the subjective requirement of an abusive environment is absent. SMF ¶ 6 ("I've heard stuff like that so much in a sense that sadly it doesn't faze me much anymore.") Additionally, even when the relevant conduct is tallied up (that being three statements about retiring, two general statements about Plaintiff's physical wellbeing, and general disagreements regarding work), it still falls well short of a hostile work environment. This is made clear by *Serlin v. Alexander Dawson Sch.*, LLC, 656 F. App'x 853 (9th Cir. 2016).

In *Serlin*, the Ninth Circuit affirmed summary dismissal of a religious discrimination hostile work environment claim premised on ten religious slurs made over two years. 656 F. App'x at 855. The court focused on the fact that the slurs were not physically threatening nor humiliating to hold that "no rational trier of fact could find such comments sufficiently severe, pervasive, or objectively offensive to give rise to a claim" for hostile work environment. *Id.*[5] Like *Serlin*, a very small number of offhand, casual comments about retiring and Plaintiff's physical wellbeing <u>were neither physically threatening nor humiliating</u>. Thus, they do not create an environment so "severe, pervasive, or objectively offensive" sufficient to state a claim for a hostile work environment.

2. <u>The inability to demonstrate a hostile work environment necessarily precludes Plaintiff's claim for constructive discharge.</u>

If a plaintiff cannot establish "a triable issue concerning hostile work environment, his constructive discharge claim necessarily fail[s]." *Chenoweth v. Maui Chem. & Paper Prods.*, 357 F. App'x 875, 876 (9th Cir. 2009). This is because constructive discharge is a "graver claim" requiring a greater level of egregious conduct. *Mayorga*, 2024 U.S. App. LEXIS 8722, at *3; *Brooks v. City of San Mateo*, 229 F.3d 917, 930 (9th Cir. 2000). Because the conduct alleged in this case is not severe and pervasive enough to give rise to a hostile work environment, Plaintiff cannot establish constructive discharge.

Additionally, *Poland, Huskey, Hatheway,* and *Schnidrig,* previously cited by the City, demonstrate that the facts of this case do not give rise to constructive discharge.

---

[5] For a recent Ninth Circuit case affirming summary judgment on similar grounds and listing other cases doing the same, please see *Mayorga v. Diet Ctr. LLC*, No. 23-15807, 2024 U.S. App. LEXIS 8722, at *2-3 (9th Cir. Apr. 11, 2024) (citing three other Ninth Circuit cases).

REPLY MEM. IN SUPPORT OF DEFENDANT'S MOT. FOR SUMMARY
JUDGMENT [DKT. NO. 34] - 6

(Def.'s Mem. in Supp. at 5-11.) While Plaintiff may cite most of these cases in passing, he does not provide any analysis as to how or why they are not applicable.

Two important considerations are key: First, even if Plaintiff found the job environment stressful, his work criticized, he felt isolated, and even presuming Chief Lee's comments implied Plaintiff should retire, all of these factors were present in *Huskey v. City of San Jose*, 204 F.3d 893, 897 (9th Cir. 2000), but were still insufficient for constructive discharge. Second, Plaintiff ignores the dispositive holding in *Poland*, namely, that the delay in retirement negated any constructive discharge:

> [the employee] worked . . . for five months before deciding to retire. Even after he decided to retire, [the employee] worked the same job for three more months. As a matter of law, these are not the actions of someone who finds his working conditions so intolerable that he felt compelled to resign.

*Poland v. Chertoff*, 494 F.3d 1174, 1184, 1185 (9th Cir. 2007) (emphasis added). Plaintiff committed the same multiple-month delay. As such, constructive discharge is absent, and his claims should be dismissed, as they are premised on this theory.

**B.  The ADEA claim must fail for want of a substantially younger replacement.**

In the Ninth Circuit, if, as in this case, a plaintiff has not alleged a general reduction in the workforce, the fourth element of an age discrimination claim requires replacement "by [a] substantially younger [employee] with equal or inferior qualifications . . . ." *Sheppard v. David Evans & Assoc.*, 694 F.3d 1045, 1049.[6]

Plaintiff's replacement, Captain Niiya, was only five years younger than Plaintiff and 50 at the time of replacement. Even if this court elects not to follow the ten-years-younger standard endorsed in *Diaz v. Eagle Produce, Ltd.*, 521 F.3d 1201 (9th Cir. 2008),

---

[6]  Proof by "an inference of age discrimination" is not permitted in this case because no reduction in workforce has been alleged. *See* Def.'s Mem. in Supp. at 12 n.5 (citing two Ninth Circuit cases); *see also Nesbit v. Pepsico, Inc.*, 994 F.2d 703, 705 (9th Cir. 1993).

REPLY MEM. IN SUPPORT OF DEFENDANT'S MOT. FOR SUMMARY
JUDGMENT [DKT. NO. 34] - 7

five years younger is still not "substantially younger." Even more, Plaintiff wholly ignores the caselaw that states the younger employee would need to be younger than the protected class, i.e., younger than 40, to establish a prima facia claim. *Kalagian v. Carwein*, No. 93-17071, 1995 U.S. App. LEXIS 13050, at *4 (9th Cir. May 26, 1995). A 50-year-old replacement is therefore insufficient. Furthermore, Plaintiff has not shown, nor can he that Captain Niiya was of "equal or inferior qualifications," which also defeats this claim. *Mitchell v. Nielsen*, 2018 U.S. Dist. LEXIS 76859, at *16 (C.D. Cal. May 7, 2018). As a result of these shortcomings, the ADEA claim must be dismissed.

C.  **Plaintiff's disability discrimination claim should be dismissed because he was not disabled under the statute and there was no constructive discharge.**

Plaintiff argues that 42 U.S.C. § 12102(3)(B), which requires an impairment to last longer than 6 months for it to be an actionable disability, is irrelevant because he experienced chronic right knee pain for over a year along with a prior surgery in 2021. (Pl.'s Opp'n at 23.) However, Ninth Circuit law and Plaintiff's return to work within two weeks of his surgery demonstrate that he was not statutorily disabled.

> A doctor's release to work without restrictions supports a finding that a person no longer suffers from a "disability." *See, e.g., Rivera v. FedEx Corp.*, 2013 WL 6672401, at *4 (N.D. Cal. Dec. 18, 2013) (plaintiff failed to demonstrate disability where cleared by doctor without restrictions); *cf. Stevenson v. Abbott Labs.*, 639 F. App'x 473, 474 (9th Cir. 2016) ("[A]fter Plaintiff was released to work, she was not disabled.").

*Garcia v. Salvation Army*, 918 F.3d 997, 1010 (9th Cir. 2019).

Pursuant to *Garcia* and *Stevenson*, Plaintiff was no longer "disabled" under the statute since he was permitted to return to work, at a desk job, within two weeks of his surgery. Indeed, he stated he was fully capable of working. (Fleming Aff. ¶ 32 ("[M]y knee was fine after I returned from surgery. I again confirmed I was feeling good.").) As a result,

REPLY MEM. IN SUPPORT OF DEFENDANT'S MOT. FOR SUMMARY
JUDGMENT [DKT. NO. 34] - 8

Plaintiff did not meet the statutory definition of disabled and cannot establish the first element of his ADA claim.

D. **Plaintiff's IPPEA claim fails because he cannot establish adverse action of constructive discharge nor but-for causation.**

    1. Constructive discharge is the only applicable adverse action, but it is absent.

Plaintiff points to the definition of "adverse action" to argue he suffered the same, but that definition and the facts presented belie that position. (Pl.'s Opp'n at 16 (citing I.C. § 6-2103(1).) The definition of adverse action is "to discharge" or to "threaten or otherwise discriminate against an employee in any manner that affects the employee's employment . . . ." I.C. § 6-2103(1) (emphasis added).

Plaintiff cannot show that he was demoted, nor that he lost authority or job duties; he suffered no disciplinary actions; his pay was not reduced, nor was he forced to relocate. The only deleterious effect to his employment was the alleged constructive discharge, which is therefore the only adverse action. But, as argued at length above and previously, the facts in this case do not support constructive discharge. As such, the claim fails for want of adverse action.

    2. IPPEA claims are subject to but-for causation and the facts here undermine it.

Plaintiff attempts to argue that the relevant causation standard for an IPPEA claim is the "contributing factor" test from the Sarbanes-Oxley Act. (Pl.'s Opp'n at 19.) However, this assertion ignores the most pertinent case law informing the inquiry.

As stated in the City's opening brief, the Idaho Supreme Court has expressly stated that Idaho's whistleblower claims are governed by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), which is a Title VII case. *Curlee v. Kootenai Cty. Fire & Rescue*, 148 Idaho 391, 396, 224 P.3d 458, 463 (2008) ("[T]he *McDonnell Douglas* analysis should be

applied to actions arising under Idaho's whistleblower act."). Years later, *University of Texas Southwestern Medical Center v. Nassar ("Nassar")*, 570 U.S. 338 (2013), clarified the causation standards in Title VII cases. *Nassar* made it clear that the but-for causation standard applies to retaliation claims under Title VII which are based on <u>employee conduct</u>—just like whistleblowing activity is. Thus, because engaging in protected activity under the whistleblower act is <u>not</u> an immutable personal characteristic like race or gender, it is subject to the more burdensome but-for causation standard. *Nassar*, 570 U.S. at 347-48. Plaintiff's attempt to stray from this line of federal precedent that the Idaho Supreme Court has explicitly held governs IPPEA claims is therefore misguided.

As applied, the but-for standard shows the IPPEA claim should be dismissed. First, there was no formal termination that permits the City to establish "legitimate, non-retaliatory reasons for discharge;" thus, the Court must examine causation in the context of constructive discharge. When applying the correct but-for standard, constructive discharge must not have occurred but-for Plaintiff's engagement in protected activities. However, Plaintiff's admissions that he (1) continued to work for months, (2) obtained new employment at BSU permitting simultaneous wages and retirement, and (3) claims discrimination based on age and disability, necessarily vitiate the possibility that protected activity was the but-for cause of his alleged constructive discharge. These facts demonstrate the lack of but-for causation, which renders the IPPEA claim appropriate for summary dismissal.

## CONCLUSION

Based on the forgoing discussion and authorities, the City respectfully requests that this Court dismiss all of Plaintiff's claims with prejudice.

REPLY MEM. IN SUPPORT OF DEFENDANT'S MOT. FOR SUMMARY
JUDGMENT [DKT. NO. 34] - 10

DATED this 9th day of July, 2023.

JONES WILLIAMS FUHRMAN GOURLEY, P.A.

*/s/ Erika P. Judd*
Daniel E. Williams
Erika P. Judd
Cody J. Witko
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 9th day of July, 2024, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Jeffrey J. Hepworth<br>HEPWORTH LAW OFFICES<br>2229 W. State Street<br>Boise, ID 83701-2815<br>*Attorneys for Plaintiff*<br>courtservice@idalawyer.com | J. Grady Hepworth<br>HEPWORTH LAW OFFICES<br>2229 W. State Street<br>Boise, ID 83701-2815<br>*Attorneys for Plaintiff*<br>courtservice@idalawyer.com |

                                                           */s/ Erika P. Judd*
                                                           Erika P. Judd